TO BE FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-cv-00134-TBR

MILTON D. PERRY                                                                                          PLAINTIFF

vs.        **DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO DISMISS**

CITY OF OAK GROVE                                                                                    DEFENDANT

Comes Defendant, City of Oak Grove, and respectfully files this Reply to Plaintiff's Response to the pending Motion to Dismiss.

## INTRODUCTION

The City's previously filed Memorandum of Law in Support ("Memo") sets forth the facts and standard of review. Plaintiff Milton Perry, the City's former Chief of Police, alleges that his prior administrative leave and subsequent termination violated KRS 15.520 (the "Police Officer Bill of Rights") and federal due process. The City moved to dismiss because KRS 15.520 was not triggered based upon a citizen's complaint and because Perry was otherwise an "at will" employee not entitled to due process. Perry has responded. On reply, Defendant submits the following arguments.

## ARGUMENTS

**A.     On this record, there is no allegation or reasonable basis to infer that Perry's administrative leave or termination were predicated on a citizen's complaint.**

KRS 15.520 is triggered only when "citizens" make "complaints" against police officers. See e.g., Ratliff v. Campbell County, 2009-CA-000310-MR, 2010 WL 1815391, at *5 (Ky. App. May 7, 2010) (copy attached to Defendant's Memo (D.E. #4) as Exhibit A). Here, instead of a

citizen's complaint, Oak Grove Mayor Dan Potter's November 10, 2010 letter explains that Perry's administrative leave is in response to a pending Kentucky State Police ("KSP") investigation:

> I have been advised by law enforcement officials that you are currently the subject of a criminal investigation being conducted by the Kentucky State Police. Accordingly, until such time as the investigation is concluded and you are absolved of any wrongdoing, I am placing you on paid administrative leave, effective immediately.

See 11/10/10 letter attached to Complaint (D.E. #1) as Exhibit A.

The November 10, 2010 letter was not up-to-date with Kentucky case law limiting KRS 15.520 to citizens' complaints and mistakenly anticipated that KRS 15.520 was applicable. In referencing KRS 15.520, the November 10, 2010 set out the following rights:

> You will be given notice of the hearing at least seventy-two (72) hours prior to the hearing date. You will be allowed to obtain counsel and have such counsel present. You will be allowed to present witness and other documentary evidence. Finally, you will be allowed to confront those individuals who have made complaints against you at the hearing.

Id. Based on the last sentence, Perry's response brief asserts, "Potter informed Perry that 'individuals' had 'made complaints' against Perry." See Response (D.E. #5) at 3.

Perry clearly takes this single sentence out of context, which misconstrues the letter as a whole. The letter expressly "informed" Perry of a hearing "regarding the allegations being investigated by the Kentucky State Police," not a hearing on any citizen's complaint received by the City against Perry. See 11/10/10 letter attached to Complaint (D.E. #1) as Exhibit A. The portion of the letter relied upon by Perry was merely describing Perry's hearing rights under KRS 15.520 to have counsel present, to present witnesses or evidence on his behalf, and to cross-examination witness against him; it was not substantively informing Perry that individuals had

filed complaints against him. Even Perry recognizes that these provisions merely "tracked" those "rights afforded by KRS 15.520." See Response (D.E. #5) at 7.

Mayor Potter's March 28, 2011 letter provides "notice" of Perry's termination; however, no reason is given, which is consistent with Perry's otherwise "at will" status. See 3/28/11 letter attached to Complaint (D.E. #1) as Exhibit C. In relevant part, the letter states: "Please accept this letter as notice that your employment as Chief of the City of Oak Grove Police Department is terminated, effective immediately." Id. Although the March 28, 2011 letter never invokes KRS 15.520 or any basis for its application, the letter goes on to offer another hearing to Perry borrowing identical language and rights from Mayor Potter's November 10, 2010 letter, including the right to confront any individuals who had made complaints. Id. This portion of the March 28, 2011 letter clearly was repeating form language based on KRS 15.520; again, it was not substantively informing Perry that individuals actually had filed complaints against him.

On a motion to dismiss, the Court must construe the "complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). Perry's Complaint nowhere alleges that a citizen's complaint prompted either his administrative leave or termination, but his response brief tries to draw such an inference based on Mayor Potter's letters to Perry. The Court may consider the letters because they were exhibits attached to Perry's Complaint. Id. However, Perry's inference that the letters "informed Perry that 'individuals' had 'made complaints' against Perry" is unreasonable and should be rejected. Rather, Mayor Potter's November 10, 2010 letter regarding Perry's administrative leave clearly is based on a pending KSP investigation, and Mayor Potter's March

28, 2011 letter discharging Perry provides no reason, consistent with Perry's otherwise "at will" status.

The KSP investigation and the "at will" doctrine explain Perry's administrative leave and termination.  Therefore, the record provides no basis to infer that a citizen's complaint was involved, which distinguishes this case from Key v. City of Princeton, No, 5:10-CV-00055-R, 2010 WL 3635549 (W.D. Ky. Sept. 14, 2010)(copy attached to Plaintiff's Response (D.E. #5) as Exhibit B).  Perry must have at least a good faith basis to allege that a citizen's complaint was filed and actually motivated his administrative leave or termination.  However, Perry's Complaint cannot satisfy these pleading requirements, and Perry's unreasonable construction of Mayor Potter's letters is insufficient.  For the reasons stated, Perry's KRS 15.520 count should be dismissed because the Complaint and its exhibits do not allege or provide reasonable basis to infer that a citizen's complaint triggered KRS 15.520 regarding either Perry's administrative leave or termination.

**B.     Kentucky case law as well as the statute's plain language, overall structure, and express intent establish that a citizen's complaint is required to trigger KRS 15.520.**

In addition to misconstruing Mayor Potter's letters, Perry also misconstrues Kentucky law regarding KRS 15.520.  First, Perry's reliance on City of Munfordville v. Sheldon, 977 S.W.2d 497 (Ky. 1998) is misplaced.  Sheldon's facts and holding were narrow:

> [O]ur holding merely forbids a mayor or other local executive authority from receiving a citizen's complaint against a police officer, then firing the officer based on that complaint, without ever affording the officer a right to publicly defend against the complaint as required by KRS 15.520.

Id. at 499.  To avoid applying KRS 15.520, Munfordville's mayor alternatively invoked his discretion to discharge employees at will under KRS Chapter 83A, but the Court rejected this

theory because there was evidence "that the mayor did *in fact* predicate the dismissal on the citizen complaint." Id. at 499 n. 1 (emphasis in original).

Based on Mayor Potter's letters, Perry argues that his dismissal also was "predicate[d]" on citizens' complaints consistent with Sheldon. See Response (D.E. #5) at 7. For reasons previously stated, Perry's interpretation of Mayor Potter's letters is unreasonable and should be rejected. Mayor Potter's November 10, 2010 letter regarding Perry's administrative leave clearly is based on a pending KSP investigation. And Mayor Potter's March 28, 2011 letter discharging Perry provides no reason, consistent with Perry's otherwise "at will" status under KRS Chapter 83A. Unlike Sheldon, Perry's "at will" status resolves this case at the pleading stage because there is no allegation or basis to infer that a citizen's complaint was filed or influenced Mayor Potter. A hearing pursuant to KRS 15.520 is not required for discretionary removals. See McCloud v. Whitt, 639 S.W.2d 375, 377 (Ky. App. 1982).

Second, Perry's attempt to distinguish Marco v. University of Kentucky, 2005-CA-001755-MR, 2006 WL 2520182 (Ky. App. Sept. 1, 2006)(copy attached to Defendant's Memo (D.E. #4) as Exhibit B) and Ratliff v. Campbell County is off target. Marco held KRS 15.520 to be inapplicable because no complaint had been filed, but that Court alternatively found no prejudice without having a KRS 15.520 hearing because the facts were "conceded" and the discipline was "minimal." Ratliff also held KRS 15.520 to be inapplicable in the absence of a citizen's complaint, but that Court alternatively analyzed whether the police officer received due process under KRS 78.455 (which is not at issue in this case). Although Marco and Ratliff considered alterative issues, both cases determined that a complaint is required to trigger KRS 15.520. Perry cannot distinguish these express rulings.

Third, Perry misconstrues KRS 15.520 itself. KRS 15.520 sets out substantive procedures for taking, investigating, and hearing "complaints" from "individuals." The term "individuals" is undefined, but the General Assembly implemented these "due process rights for police officers" expressly in conjunction with "redress" for "citizens." KRS 15.520(1). This express legislative intent clarifies (if the statute is otherwise unclear) that KRS 15.520 focuses on citizen complaints. See Wilburn v. Commonwealth, 312 S.W.3d 321, 328 (Ky. 2010) ("When a statute is ambiguous and its meaning uncertain, the legislative intent should be determined by considering the whole statute and the purpose to be accomplished")(quoting Dep't of Motor Transp. v. City Bus Co., 252 S.W.2d 46, 47 (Ky.1952)).

Perry argues that KRS 15.520 applies whenever police officers are investigated for misconduct, regardless whether the investigation is initiated externally (by citizens) or internally (by local government employers). Perry's statutory interpretation fails, however, because local government employers are not "individuals" or "citizens" within the ordinary, common meaning of those terms. See Caesars Riverboat Casino, LLC v. Beach, 336 S.W.3d 51, 58 (Ky. 2011)("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). Instead, the term "individuals" should be construed interchangeably with the term "citizens" based on the statute's overall context and express intent. See Lichtenstein v. Barbanel, 322 S.W.3d 27, 35 (Ky. 2010)("We will read the statute as a whole, and with other parts of the law of the Commonwealth, to ensure that our interpretation is logical in context."). If the General Assembly had intended KRS 15.520 to apply to employer initiated actions, the legislature could have and should have used more precise language. See Caesars Riverboat Casino, 336 S.W.3d at 56 ("It is fundamental that in determining the meaning of a statute, we must defer to the language

of the statute and are not at liberty to add or subtract from the legislative enactment or interpret it at variance from the language used.").

For the reasons stated, the Court should construe KRS 15.520 as inapplicable to employment matters initiated internally. Indeed, both <u>Marco</u> and <u>Ratliff</u> properly held that "internal investigations" are not subject to KRS 15.520. <u>Marco</u>, 2006 WL 2520182, at *2; <u>Ratliff</u>, 2010 WL 1815391, at *5. In addition, another recent unpublished case (previously unknown to counsel) has held that KRS 15.520 only applies to citizens' complaints, not when an executive authority exercises its discretion to terminate the police chief at will. See <u>Moore v. City of New Haven</u>, 2010-CA-000019-MR, at 6 (Ky. App. Oct. 29, 2010)("Similarly, in this case KRS 15.520 does not apply since Moore's removal was not based on a citizen's complaint.")(copy attached hereto as Exhibit D). Although these unpublished cases are not binding, the cases reflect a growing consensus (at least three separate Court of Appeals panels) that a citizen's complaint is required to trigger KRS 15.520. In this case, Perry's administrative leave and termination were internal employment actions not based on an external citizen's complaint; therefore, KRS 15.520 is inapplicable and Perry's state statutory count should be dismissed.

**C.    Although Perry argues that KRS 15.520 applies whenever police officers are investigated for misconduct, Perry's state statutory count still fails applying this broader statutory interpretation.**

Perry's paid administrative leave was based on a pending KSP investigation involving potential misconduct, but Perry's leave did not violate KRS 15.520 even if his potential misconduct triggered that statute. The statutory scheme distinguishes between complaints subject to investigation and formal charges subject to hearing. KRS 15.520(1)(b) authorizes suspensions "pending investigation or disposition of a complaint" while KRS 15.520(1)(d)

separately authorizes suspensions pending "disposition of the charges."  A suspension pending an investigation has no express statutory timeframe, but formal charges are subject to a 60-day hearing deadline pursuant to KRS 15.520(1)(h)(8).  Although Mayor Potter's November 10, 2010 letter anticipated having a hearing within 60 days, formal charges were not preferred and the 60-day hearing deadline accordingly did not apply.  In addition, the 60-day hearing deadline was not violated (assuming it applied) because the final day fell on Sunday, January 9, 2011, and Perry was reinstated the following business day on January 10, 2011.  Therefore, the 60-day hearing deadline was never triggered or violated, and Perry's other purported rights incident to a hearing are mooted.

Unlike Perry's administrative leave, Perry's termination was not based on a criminal investigation involving potential misconduct and therefore could not have triggered KRS 15.520 under Perry's broader statutory interpretation.  Instead, Perry's termination notice provided no specific reason for his discharge, consistent with his otherwise "at will" status.  Perry's statutory claim accordingly fails.  See McCloud, 639 S.W.2d at 377.

**D.** **Perry's federal due process claim fails because he is an "at will" employee under KRS Chapter 83A as KRS 15.520 is inapplicable and as no other statute or contract is at issue.**

To the extent that KRS 15.520 is inapplicable and no other statute or contract is at issue, Perry is an at will employee with no property interest in his employment for purposes of federal due process.  Perry's federal due process claim accordingly fails for the reasons set forth in the City's previously filed Memo.

## CONCLUSION

For the reasons stated, the City requests the Court to grant its motion to dismiss Plaintiff's complaint with prejudice.

>Respectfully submitted,
>
>STURGILL, TURNER, BARKER & MOLONEY, PLLC
>
>/s/  Charles D. Cole
>CHARLES D. COLE
>DERRICK T. WRIGHT
>333 West Vine Street, Suite 1400
>Lexington, Kentucky 40507
>Telephone:  (859) 255-8581
>ccole@sturgillturner.com
>dwright@sturgillturner.com
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on September 22, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification to the following:

Todd C. Barsumian     todd@barsumianlaw.com

>/s/  Charles D. Cole
>Charles D. Cole
>ATTORNEY FOR DEFENDANT

x:\wdox\clients\64061\0006\pleading\00224248.docx