UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:11CV-00134-TBR

MILTON D. PERRY                                                                          PLAINTIFF

v.

**AGREED PROTECTIVE ORDER**

CITY OF OAK GROVE                                        DEFENDANT

---

      Plaintiff Milton D. Perry, Defendant, City of Oak Grove, and EMC Insurance Companies, Inc., by and through the undersigned counsel, stipulate, pursuant to the Kentucky Rules of Civil Procedure 26, to the following Protective Order regarding the information request in a Subpoena dated December 22, 2011 and request that the Court enter it. The parties previously agreed to the terms of the Protective Order as follows:

      IT IS ORDERED AND ADJUDGED as follows:

      1. All documents and information produced and exchanged pursuant to the Subpoena shall be deemed Confidential in nature and subject to protection from disclosure other than as provided herein; and

      2. All documents and information produced by EMC Insurance Companies, Inc. in this action shall be considered "confidential" and therefore, shall be used only in connection with this litigation and not for any third-party business, financial or other purpose whatsoever; and

      3. All documents and information produced by EMC Insurance Companies, Inc. as EMC U 3K1-13, EMC U 3G1-34, EMC U 3D1-36 and EMC U YYI-186 are hereby designated as "confidential" by EMC Insurance Companies in this action shall not be given, shown, made available or communicated in any way to any person other than the following:

(a) Counsel for the Plaintiff and/or the Defendant receiving the documents produced and designated as "confidential," including their members, partners, associates, paralegals, clerks, secretaries, and any other independent contractors retained to assist counsel in this action (e.g., clerical aides);

(b) The Plaintiff and/or the officers or representatives of the Defendant who are responsible for assisting counsel in the preparation of this case for litigation or who may be witnesses may be given and shown documents and information designed as "confidential";

(c) Persons who are considered in the exercise of counsel's good faith to be potential or actual affiants or witnesses in this action, provided that any "confidential" documents or information disclosed to these witnesses is limited to such documents and information directly related to the testimony which that person is to provide;

(d) Experts, investigators and/or consultants, and their respective employees, including jury consultants and mock jurors, whose advice is or will be used in connection with this litigation;

(e) Persons described in subparagraphs (b), (c) and (d) above shall be provided with a copy of this Protective Order and shall be required to read it prior to the disclosure to them of any "confidential" information and documentation and shall be required to agree to all of its terms in writing;

(f) The Court, court personnel, other persons designated or appointed by the Court and court reporters or other persons necessary to accomplish or carry out court filings and other court procedures or hearings in this litigation;

(g) Other parties' counsel of record who have agreed in writing to all terms of this Protective Order; and

(h) Such other persons as to whom counsel for Plaintiff and counsel for the Defendant have agreed in writing may be provided access to such documents and information, all of whom shall first agree to all terms of this Protective Order in writing.

4. Nothing in this Protective Order precludes the Plaintiff or the Defendant from the normal use of documents deemed "confidential" in the course of litigation, including the use of confidential documents in depositions, hearings, or witness interviews; except that any confidential document filed in the record of this action or attached as an exhibit to a deposition shall be filed under seal.

5. Nothing in this Protective Order precludes Plaintiff or the Defendant from disclosing or using any document or information not obtained through the discovery process from third parties.

6. The certified policies produced by EMC shall not be deemed "confidential", but otherwise subject to the admissibility rulings of the Court.

7. Within sixty (60) days of the final disposition of this action, the parties who are signatory to this Protective Order shall promptly deliver to any other party from whom it received documents designated and treated as "confidential" all such documents or an Affidavit under penalty of perjury declaring that all such documents and copies thereof have been destroyed.

8. Any violation of the terms of this Protective Order is subject to the full powers and jurisdiction of the Court, including but not limited to the powers of contempt and injunctive relief as well as the ability of the Court to impose sanctions, monetary or otherwise, for any such violation.

9.     The terms of this Protective Order apply in all respects to the agents, employees, representatives, successors, assigns and attorneys of the Plaintiff.

10.    A party receiving documents and information designated "confidential" may object to the "confidential designation of information at any time. In the event a party receiving documents disagrees at any stage of these proceedings with the designation ("disputed designation") of any information as "confidential," the receiving party and the designating party shall first try to resolve such dispute in good faith on an informal basis in accordance with LR 37.1. The receiving party shall provide written notice to the designating party and state the grounds for the objection. If the dispute remains unresolved for five (5) days after notice was provided, the receiving party may move the Court to revoke the disputed designation. Unless and until the objection is resolved by agreement or further Order of the court, the information or document shall continue to be treated a s confidential information.

/s/ Todd Barsumian with permission
TODD BARSUMIAN, ESQ.
Attorney for Plaintiff


/s/Katherine J. Hornback
KATHERINE J. HORNBACK, ESQ.
Attorney for EMC Insurance Companies, Inc.

/s/ Derrick T. Wright   with permission
DERRICK T. WRIGHT, ESQ.
Attorney for Defendant